PER CURIAM:
The claimant brought this action seeking payment for snow removal services performed at the request of the respondent in Hampshire County, for which the claimant has not been paid.
In early January 1996, West Virginia experienced a severe snow storm resulting in approximately 44 inches of new snow in Hampshire County. Many roads throughout the county were impassable. The respondent’s employees were working around the clock in snow removal. A Federal disaster emergency was declared for the county, and the respondent contacted a number of contractors to assist in snow removal.
The claimant herein is a poultry farm located on County Route 50/8 (Heidi Cooper Road.) Heidi Cooper Road is a tar and chip road that is secondary in terms of maintenance priority and intersects with US Route 50 in the vicinity of Shanks. The evidence established that employees of the respondent and Alan R. Timbrook, Vice President of the claimant corporation, engaged in several telephone conversations regarding snow removal operations for opening Heidi Cooper Road. At some point, an agreement was reached whereby the respondent agreed that the claimant would use a bull dozer to re-open Heidi Cooper Road. The claimant now seeks $2,850.00 in compensation for these snow removal services.
The issue before the Court is whether an oral contract for snow-removal services was entered into by the parties. Claimant corporation operates two chicken breeder houses on Heidi Cooper Road. The evidence adduced at hearing established that at the time the claimant had rented a bull-dozer from McCauley Excavating for work on the claimant’s property. The respondent or another contractor had previously opened Heidi Cooper Road, but blowing snow had made it impassable within a few hours. Mr. Timbrook contacted the respondent and was eventually given permission to plow the snow in order to re-open the road. Mr. Timbrook testified that he was instructed to submit a bill to the respondent’s district headquarters. Approximately two and three-quarter miles of the road was plowed. Mr. Timbrook then submitted a bill in the amount of $2,850.00, representing 19 hours of work over two days, or approximately $150.00/hour for the dozer, fuel and operator costs.
Mr. Timbrook was of the opinion that he was faced- with an emergency because he was low on feed for the chickens and he needed to get eggs delivered on behalf of the corporation. The evidence indicates that there are at least,three businesses located on this road.
Respondent’s normal practice for obtaining emergency snow removal services is to *107 contract with equipment operators at a pre-set rate. McCauley Excavating had previously quoted a snow removal price of $85.00 per hour. The evidence established herein that the parties did not agree on a pay rate during the course of their conversations. The respondent’s evidence further established that a number of poultry houses and coal mines in the area also assisted in snow removal.
The Court is of the opinion that while there appears to be insufficient evidence of an agreement on rate of compensation, that the respondent, nevertheless was the beneficiary of snow removal services performed by the claimant with the understanding that the claimant would be compensated. Therefore the Court is of the opinion that the respondent has a moral obligation to compensate the claimant based upon theory of quantum meruit, for the full amount of the claimant’s bill.
Award of $2,850.00.